IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MONIQUE SPEIGHTS<br>3419 Capital View Drive<br>Philadelphia, PA 19129<br><br>Plaintiff,<br><br>v.<br><br>SIMPLURA HEALTH GROUP<br>50 Broadway<br>Lynbrook, NY 11563<br>    and<br>CAREGIVERS AMERICA SE *d/b/a*:<br>SARAH CARE OF JENKINTOWN<br>261 Old York Road, Ste. A51<br>Jenkintown, PA 19046<br>    and<br>CAREGIVERS AMERICA SE *d/b/a*:<br>HELPING HAND HOME HEALTH &<br>HOSPICE AGENCY<br>200 Geiger Road<br>Philadelphia, PA 19115<br><br>Defendants. | CIVIL ACTION<br><br>NO.: _____<br><br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Monique Speights (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) by and through her undersigned counsel, hereby avers as follows:

## INTRODUCTION

1. Plaintiff has initiated this action to redress violations by Simplura Health Group, CareGivers America SE *d/b/a* Sarah Care of Jenkintown, and CareGivers America SE *d/b/a* Helping Hand Home Health & Hospice Agency (*hereinafter* collectively referred to as "Defendants") of the Americans with Disabilities Act, as amended ("ADA" – 42 U.S.C. §§

12101 *et. seq.*), the Family and Medical Leave Act ("FMLA" - 29 U.S.C. §§ 2601 *et. seq.*), the Pennsylvania Human Relations Act ("PHRA"), and the Philadelphia Fair Practices Ordinance ("PFPO").[1] As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws.

3. This Court may properly assert personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendants are deemed to reside where they are subjected to personal jurisdiction, rendering Defendants residents of the Eastern District of Pennsylvania.

5. Plaintiff is proceeding herein (in part) under the ADA after properly exhausting all administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety ("90") days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

---

[1] Plaintiff's claims under the PHRA and PFPO are referenced herein for notice purposes. She is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC. Plaintiff must however file her lawsuit in advance of same because of the date of issuance of her federal right-to-sue-letter under the ADA. Plaintiff's PHRA and PFPO claims however will mirror identically her federal claims under the ADA.

## PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual with an address as set forth in the caption.

8. Simplura Health Group is a family of home health care agencies with operations in six states, including Pennsylvania, New York, New Jersey, Florida, Massachusetts and West Virginia, with a headquarters located at the address as set forth in the caption. Simplura Health Group is the parent company of CareGivers America SE – the brand name of Simplura's Pennsylvania operations.

9. CareGivers America SE *d/b/a* Sarah Care of Jenkintown is a home health care provider and subsidiary of Simplura Health Group, with an address as set forth in the caption. CareGivers America SE acquired Sarah Care of Jenkintown in or about February of 2018. Plaintiff was hired through and worked at this address.

10. CareGivers America SE *d/b/a* Helping Hand Home Health & Hospice Agency is a is a home health care provider and subsidiary of Simplura Health Group, with an address as set forth in the caption. CareGivers America SE acquired Helping Hand Home Health & Hospice Agency in or about August of 2018.

11. Upon information and belief, the above entities (*see* Paragraphs 8-10), were run as a joint operation and enterprise with employees moving from one entity to another and all operations being conducted as if a single enterprise. Because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership or financial controls, and other factors, Defendants are sufficiently interrelated and integrated in

3

their activities, labor relations, ownership, and management that they made be treated as a single and/or joint employer for purposes of the instant action.

12. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the Defendants.

## FACTUAL BACKGROUND

13. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

14. Beginning in or about February of 2015, Plaintiff was employed as a Human Resources ("HR") Assistant by Sarah Care of Jenkintown, which was acquired by Defendants Simplura Health Group and CareGivers America SE in or about February of 2018.

15. As an HR Assistant for Defendants, Plaintiff coordinated administrative matters with employees, clientele, and agencies.

16. Plaintiff's initial immediate supervisor was HR Manager, Rosa Booker (*hereinafter* "Booker"), until Booker went out on medical leave in or about early September of 2018.

17. During the latter part of her tenure through her termination, Plaintiff was primarily supervised by Director of Operations, Phillipe Liautaud (*hereinafter* "Liautaud") and HR Manager, Tatyana Morgan (*hereinafter* "Morgan").[2]

18. During her employment with Defendants, Plaintiff was a hardworking employee who performed her job well.

---

[2] Upon Plaintiff's information and belief, Morgan was brought over from Helping Hand Home Health & Hospice Agency in or about September of 2018, after it was acquired by Defendant CareGivers America SE, to replace Booker while she was on medical leave.

4

19. At all relevant times during her employment with Defendants, Plaintiff suffered from and continues to suffer from serious health conditions, including Carpal Tunnel Syndrome (and associated complications).

20. As a result of her aforesaid health conditions, Plaintiff experiences numbness, tingling, pain, loss of strength, and stiffness in her left arm, wrist, and hand, which (at times) limits her ability to perform some daily life activities, including but not limited to lifting, pushing, pulling, and carrying (among other daily life activities).

21. Despite her aforesaid health conditions and limitations, Plaintiff was able to perform the duties of her job well with Defendants; however, Plaintiff did require some reasonable accommodations while employed with Defendants (as discussed *infra*).

22. For example, during the last few months of her employment and leading up to her termination, Plaintiff had multiple discussions with Defendants' management, including but not limited to Booker, Liautaud, and Morgan, about her aforesaid serious health conditions and need for medical accommodations, including block leave for surgery and to care for and treat her serious health conditions.

23. Plaintiff applied for and was granted leave under the Family Medical Leave Act ("FMLA") from on or about September 28, 2018 until on or about October 9, 2018, for surgery and to care for and treat for her aforesaid serious health conditions.

24. While out on medical leave, Plaintiff kept Defendants' management, including but not limited to Liautaud, Morgan, and Defendants' counsel, Jill Fisher, Esquire[3] (*hereinafter* "Fisher") apprised of the status of her serious health conditions and return to work date.

---

[3] Fisher was responsible for administering FMLA leave.

25. On or about October 9, 2018, Plaintiff was evaluated by her physician and released to return to work full-duty without limitations on or about October 10, 2018; Plaintiff provided Fisher with her doctor's release to return to work.

26. Toward the end of her tenure with Defendants, Plaintiff's mother was also diagnosed with and suffered from serious health conditions, including but not limited to lung cancer (and resulting complications).

27. Plaintiff apprised Defendants' management, including but not limited to Booker, Fisher, Liautaud, and Morgan of her mother's serious health conditions and her need for intermittent time off for doctor's appointments and treatment when needed for her mother's serious health conditions.

28. Upon her return to work on or about October 10, 2018, Plaintiff submitted paperwork to Fisher for intermittent FMLA leave for doctor's appointments and treatment (including lung surgery scheduled for October 18, 2018) when needed for her mother's serious health conditions.

29. On or about October 11, 2018, in close proximity to Plaintiff's requests and/or utilization of reasonable medical accommodations (i.e. block time off to care for her serious health conditions, and intermittent time off to care for her mother's serious health conditions), and **just one day** after returning from her medical leave, Plaintiff was abruptly terminated from her employment with Defendants for a pretextual reason.

30. Defendants purported reason for terminating Plaintiff – that she refused to administer a PPD (tuberculosis) test is patently false and completely pretextual because *inter alia* (1) Plaintiff consistently worked hard for Defendants and performed her job well; (2) Plaintiff did not have a significant disciplinary history while working for Defendants; (3) Plaintiff was an

6

HR assistant who handled administrative matters, and although she had been a medical assistant in the past, giving PPD tests was outside of her usual job description and duties; (4) Plaintiff never turned down a request to do a PPD test but instead only informed a staff member that CareGivers America SE as a matter of policy and practice has not administered PPD tests on Thursdays (the day at issue) because a staff member only gets two opportunities to draw blood and then has to send the patient home unless successful in the blood draws, with a back up being a forearm test; however, Thursdays made it impossible to check the patient's forearm (if a forearm test was required) over the weekend as the patient had to return normally within 48-72 hours; (5) Plaintiff was terminated shortly after informing Defendants' management of her and her mother's serious health conditions and need for accommodations; and (6) Plaintiff was terminated **just one day** after returning from a medical leave of absence to care for and treat her serious health conditions.

## COUNT I
## Violations of the Americans with Disabilities Act, as Amended ("ADA")
([1] Actual/Perceived/Record of Disability Discrimination; and [2] Retaliation)

31. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

32. Plaintiff suffered from qualifying health conditions under the ADA which affected her ability (at times) to perform some daily life activities including, but not limited to lifting, pushing, pulling, and carrying.

33. Plaintiff kept Defendants' management informed of her serious medical conditions and need for surgery, medical treatment, and other accommodations.

34. Despite Plaintiff's aforementioned health conditions and limitations, she was still able to perform the duties of her job well with Defendants; however, Plaintiff did require reasonable medical accommodations at times.

35. Plaintiff requested reasonable accommodations from Defendants, including but not limited to block time off from work to care for and treat her serious health conditions.

36. On or about October 11, 2018, in close proximity to Plaintiff's request and/or utilization of a reasonable medical accommodation (i.e. block time off to care for her serious health conditions), and **just one day** after returning from said medical leave, Plaintiff was abruptly terminated from her employment with Defendants.

37. Therefore, Plaintiff believes and avers that she was terminated from Defendants because of: (1) her known and/or perceived health problems; (2) her record of impairment; and/or (3) her requested accommodations (which constitutes illegal retaliation).

38. These actions aforesaid constitute violations of the ADA.

## COUNT II
### Violations of the Americans with Disabilities Act, as Amended ("ADA")
(Associational Disability Discrimination)

39. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

40. Plaintiff's mother suffered from qualifying health conditions under the ADA, including but not limited to lung cancer and its accompanying complications.

41. Defendants knew of Plaintiff's mother's disabilities at the time of Plaintiff's termination.

42. Plaintiff was terminated by Defendants for completely pretextual and false reasons shortly after requesting and/or utilizing intermittent time off for her mother's medical treatment and doctors' appointments.

43. Upon information and belief, Plaintiff believes and avers that she was terminated by Defendants for: (a) being perceived as distracted for dealing with her mother's health problems in and outside of work; (b) being perceived as having to miss time at work to care for her mother; and/or (c) for other reasons in association with her mother's health problems.

44. These actions as aforesaid constitute violations of the ADA, as amended.

## COUNT III
## Violations of the Family and Medical Leave Act ("FMLA")
(Retaliation & Interference)

45. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

46. Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

47. Plaintiff requested leave for medical reasons (her own and her mother's) from Defendants, her employers, with whom she had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A § 2611(2)(i).

48. Plaintiff had at least 1,250 hours of service with Defendants during her last full year of employment.

49. Defendants are engaged in an industry affecting commerce and employed at least fifty (50) or more employees within 75 miles of the location where Plaintiff worked for Defendants for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

50. Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

51. Plaintiff submitted block FMLA paperwork for surgery and to care for and treat her serious health conditions just a few weeks prior to her termination.

52. Plaintiff submitted intermittent FMLA paperwork for doctor's visits and to care for and treat her mother's serious health conditions **just one day** prior to her termination.

53. Defendants committed interference and retaliation violations of the FMLA by: (1) terminating Plaintiff for requesting and/or exercising her FMLA rights and/or for taking FMLA-qualifying leave; (2) by considering Plaintiff's FMLA leave needs in making the decision to terminate her; (3) terminating Plaintiff to intimidate her and/or prevent her from taking FMLA-qualifying leave in the future; and/or (4) by making negative comments and/or taking actions towards her that would dissuade a reasonable person from exercising her rights under the FMLA.

54. These actions as aforesaid constitute violations of the FMLA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C. Plaintiff is to be awarded liquidated and/or punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish

Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation); and

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
3331 Street Rd.
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: May 30, 2019

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| Monique Speights | CIVIL ACTION |
| v. | |
| Simplura Health Group, et al. | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| 5/30/2019 | _[signature]_ | Plaintiff |
|---|---|---|
| Date | Attorney-at-law | Attorney for |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 3419 Capital View Drive, Philadelphia, PA 19129

Address of Defendant: 50 Broadway, Lynbrook, NY 11563; 261 Old York Road, Suite A51, Jenkintown, PA 19046; 200 Geiger Road, Philadelphia, PA 19115

Place of Accident, Incident or Transaction: Defendants place of business

---

*RELATED CASE, IF ANY:*

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 5/30/2019  _____  ARK2484 / 91538
*Attorney-at-Law / Pro Se Plaintiff*  *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
   *(Please specify):* _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf, counsel of record or pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 5/30/2019  _____  ARK2484 / 91538
*Attorney-at-Law / Pro Se Plaintiff*  *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
SPEIGHTS, MONIQUE

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS
SIMPLURA HEALTH GROUP, ET AL.

County of Residence of First Listed Defendant   Nassau
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | [X] 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); FMLA (29USC2601)
Brief description of cause:
Violations of the ADA, FMLA, the Pennsylvania Human Relations Act and the Philadelphia Fair Practices Ordinance.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE 5/30/2019

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

Print    Save As...    Reset